IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

| | | |
|---|---|---|
| CARLTON THURMOND, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1747 |
| | ) | |
| v. | ) | |
| | ) | JUDGE BUCKLO |
| J. MILLS STAR # 12161, | ) | |
| D. BROWN STAR # 13369, | ) | Magistrate Judge Nolan |
| R. P. HAUSER and other UNIDENTIFIED | ) | |
| Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANT OFFICERS' RULE 12(b)(6) MOTION
TO DISMISS PLAINTIFF'S STATE LAW CLAIM
OF MALICIOUS PROSECUTION AS TIME BARRED**

Defendants, Chicago Police Officers Joel Mills, Star # 12161 and Robert Hauser, Star # 16672, (referred to herein as "Defendant Officers"), by and through one of their attorneys, Julia S. Bruce, Assistant Corporation Counsel of the City of Chicago, respectfully move to dismiss the state law claim set forth in Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because this claim is barred by the applicable statute of limitations. In support of this motion, Defendant Officers state as follows:

1. Though the statute of limitations is an affirmative defense, dismissal pursuant to Rule 12(b)(6) is proper where a valid affirmative defense plainly obviates the need for litigation. *See, e.g., Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.") (citations omitted).

2.      The relevant statute of limitations applicable to the state law claims brought by Plaintiff against Defendant Officers is contained in the Illinois Tort Immunity Act at 745 Ill. Comp. Stat. Ann. 10/8-101, which states in pertinent part as follows: "No civil action ... may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILL. COMP. STAT. ANN. § 10/8-101 (West 2007).

3.      On March 26, 2008, Plaintiff filed a complaint in this Court seeking relief against Joel Mills, Robert Hauser, D. Brown, and Unidentified Chicago Police Officers. (*See* Pls. Complt., D.E. No. 1).

4.      The Complaint states that on July 17, 2006, Plaintiff "was arrested without a warrant and without probable cause" by each of the individual defendant police officers. (*See* Pls. Complt., D.E. 1, ¶¶ 6).

5.      In Count Three (III), Plaintiff alleges a state law malicious prosecution claim against each of the individual defendant officers. (*See* Pls. Complt., D.E. 1, ¶¶ 18-23).

6.      Under Illinois law, a malicious prosecution claim accrues on the date the proceedings against the individual are terminated in their favor. *See Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 824-25 (N.D. Ill. 2006) (J. Filip).

7.      According to the Complaint, the criminal court entered an order dismissing the criminal charges against Plaintiff on September 27, 2006. (*See* Pls. Complt., D.E. 1, ¶¶ 20).

8.      Because Plaintiff did not bring his malicious prosecution claim against the individual defendant officers within the one-year statute of limitation set forth in Section 10/8-101 of the Illinois Tort Immunity Act, his malicious prosecution claim is time-barred.  *See*

*Hannah-Porter*, 428 F. Supp. 2d at 824-25 (dismissing malicious prosecution claim as time barred).

**WHEREFORE**, Defendant Officers respectfully request this Honorable Court enter an Order dismissing the Plaintiff's state law malicious prosecution claim set forth in Count Three (III) of his Complaint with prejudice; and grant whatever additional relief the Court deems just and appropriate.

Dated: June 12, 2008

Respectfully submitted,

/s/ Julia. S. Bruce
Julia S. Bruce
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
(312) 744-6566 (Fax)
Atty. No. 06273493

3