IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

| | | |
|---|---|---|
| CARLTON THURMOND, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1747 |
| | ) | |
| v. | ) | |
| | ) | JUDGE BUCKLO |
| J. MILLS STAR # 12161, | ) | |
| D. BROWN STAR # 13369, | ) | Magistrate Judge Nolan |
| R. P. HAUSER and other UNIDENTIFIED | ) | |
| Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANT OFFICERS' ANSWER, AFFIRMATIVE DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Chicago Police Officers Joel Mills, Star # 12161 and Robert Hauser, Star # 16672, (referred to herein as "Defendant Officers"), by one of their attorneys, Julia S. Bruce, Assistant Corporation Counsel of the City of Chicago, for their Answers, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, state:

**NATURE OF THE CASE**

1. This suit arises from the violation of civil rights of Plaintiff, CARLTON THURMOND, for arrest without probable cause, and use of excessive force in violation of Title 42 U.S.C. section 1983 and pendent state law claim for malicious prosecution.

**ANSWER:** Defendant Officers admit that jurisdiction is proper, but deny engaging in any wrongful or illegal conduct.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. section 1983. Jurisdiction is based upon 28 U.S.C. section 1331, 1332 and 1367. This court has pendent jurisdiction over the state law claim for malicious prosecution. Plaintiff demands trial by jury.

**ANSWER:** Defendant Officers admit that jurisdiction is proper for the federal

claims pursuant to sections 1331 and 1332. Plaintiff purports to bring a state law claim pursuant to the Court's pendent jurisdiction, however, in answering further, Defendant Officers have moved to dismiss any state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## VENUE

3. The violation of civil rights alleged herein were committed within the Northern District of Illinois to wit: the City of Chicago, County of Cook, State of Illinois. This action properly lies in the United States District Court, Northern District of Illinois, Eastern Division.

**ANSWER:** Defendant Officers admit that venue is proper, but deny engaging in any wrongful or illegal conduct.

## PARTIES

4. Plaintiff, CARLTON THURMOND ("THURMOND"), is a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Upon information and belief, Defendant Officers admit the allegations contained this paragraph.

5. Defendants, J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R.P. HAUSER and other UNIDENTIFIED POLICE OFFICERS were at all times relevant hereto, employed as police officers by the Chicago Police Department and acting under color of state law.

**ANSWER:** Defendant Officers admit the allegations contained in this paragraph.[1]

## COUNT I - VIOLATION OF CIVIL RIGHTS
## ARREST WITHOUT PROBABLE CAUSE

6. On or about July 17, 2006, Plaintiff, THURMOND, was arrested without a warrant and without probable cause by Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER and other UNIDENTIFIED Chicago police officers.

**ANSWER:** Defendant Officers deny that they arrested Plaintiff without probable

---

[1] Defendant Officers answer only on behalf of themselves and not on behalf of any unidentified officers or on behalf of any officers who have not been personally served as of the date of this filing.

cause. **Defendant Officers admit the remaining allegations contained in this paragraph.**

7. The conduct of Plaintiff, THURMOND, prior to his arrest could not be reasonably interpreted by the Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R .P. HAUSER AND OTHER UNIDENTIFIED OFFICERS as constituting probable cause that THURMOND had committed, was committing, or was about to commit a crime.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

8. The facts and circumstances within Defendant J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS'S knowledge would not lead reasonable police officers to believe that THURMOND had committed, was committing or was about to commit a crime.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

9. Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R .P. HAUSER AND OTHER UNIDENTIFIED OFFICERS were acting under color of state law as members of the Chicago Police Department at all relevant times herein.

**ANSWER:** **Defendant Officers admit the allegations contained in this paragraph.**

10. Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS intentionally violated THURMOND's federally protected constitutional right not to be arrested or seized without probable cause in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

11. Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS' acts were done with malice and/or reckless indifference to THURMOND's federally protected rights.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

12. As a direct and proximate result of Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS' actions, THURMOND, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

13. As a direct and proximate result of Defendants J. MILLS STAR # 12161, D. BROWN

STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS' actions THURMOND was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of Illinois.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendant Officers respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II -EXCESSIVE FORCE IN ARREST

1-13. THURMOND alleges the allegations contained in paragraphs 1-13 above as if fully set forth as paragraphs 1-13 herein.

**ANSWER:** **Defendant Officers restate their answers to paragraph 1 through 13 as if fully set forth herein.**

14. Under the totality of circumstances at the time of arrest, and while THURMOND was in custody, Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS used greater force than was reasonably necessary to make the arrest of THURMOND, while detaining him and while he was in custody.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

15. As a direct and proximate result of Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS' actions, THURMOND suffers and continues to suffer physical pain requiring medical care, and suffered physical and emotional pain and mental anguish some or all of which may be permanent.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

16. Defendants J; MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS acted under color of state law, and intentionally used excessive force and/or unreasonable force in effecting THURMOND's arrest, in violation of his Fourth Amendment rights under the United States Constitution to be free from excessive force in violation of 42 U.S.C. section 1983.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

4

17.     Defendants J. MILLS STAR # 12161, D. BROWN STAR # 13369, AND R. P. HAUSER AND OTHER UNIDENTIFIED OFFICERS' use of excessive force and/or unreasonable force in effecting THURMOND'S arrest and while he was in custody, was done with malice and/or reckless indifference to THURMOND'S federally protected rights

**ANSWER:     Defendant Officers deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendant Officers respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III - STATE MALICIOUS PROSECUTION

**Defendant Officers have moved to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6). As such, they will make an answer to this count, if necessary, following resolution of their motion.**

## AFFIRMATIVE DEFENSES

1.      At all times relevant to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, is entitled to qualified immunity as a matter of law.

2.      Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff's which were the proximate cause of these injuries and damages.

3.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any

5

verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant Officers request a trial by jury.

Respectfully submitted,

/s/ Julia S. Bruce
Julia S. Bruce
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
(312) 744-6566 (Fax)
Atty. No. 06273493