IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

| | |
|---|---|
| CARLTON THURMOND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No.:   08 CV 1747 |
| J. MILLS STAR # 12161, D. BROWN ) | |
| STAR # 13369, R.P. HAUSER and other ) | Judge Bucklo |
| UNIDENTIFIED Chicago Police Officers, ) | |
| Defendants. ) | Magistrate Nolan |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIM**

NOW COMES the Plaintiff, CARLTON THURMOND, by and through his attorney in this regard, Gigi Gilbert, and in Response to Defendant Officers' Rule 12(b)(6) Motion to Dismiss Plaintiff's State Law Claim of Malicious Prosecution as Time Barred state as follows:

1.   On March 26, 2008, Plaintiff filed a Complaint, in which Count III alleged a state law claim for malicious prosecution based on the wrongful prosecution of Plaintiff for Reckless Conduct in violation of 625 ILCS 5/12-5 for an incident which occurred on July 17, 2006.

2.   A court ruling on a motion to dismiss must examine the case in the light most favorable to the plaintiff, accepting as true all facts alleged in the complaint. *Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004).

3.   Reckless Conduct under 625 ILCS 5/12-5 provides:

   (a) A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he or she performs recklessly the acts that cause the harm or endanger safety, whether they otherwise are lawful or unlawful.
   (a-5) A person who causes great bodily harm or permanent disability or disfigurement by any means, commits reckless conduct if he or she performs recklessly the acts that cause the harm, whether they otherwise are lawful or unlawful.

    (b) Sentence.
       Reckless conduct under subsection (a) is a Class A misdemeanor. Reckless conduct under subsection (a-5) is a Class 4 felony.

625 ILCS 5/12-5.

4.    Plaintiff's Complaint alleged ". . .the Reckless Conduct charged was "sol'd" or dismissed with leave to reinstate on September 27, 2006". (Plaintiff's Complaint, Count III, par. 20).

5.    Plaintiff agrees with Defendants that he has one year to bring his state law malicious prosecution claim *after it accrued* under the Illinois Tort Immunity Act, 745 ILCS 10/8-101.

6.    However, the claim for malicious prosecution *did not accrue* until the state was precluded from reinstating the charges of Reckless Conduct under 625 ILCS 5/12-5 against the Plaintiff. *See, Ferguson v. City of Chicago,* 213 Ill. 2d 94,104, 820 N. E. 455, 461 (2004).

7.    The state can reinstate a charge that was stricken with leave to reinstate if it acts within the statute of limitations period. *People v. Triplett,* 108 Ill. 2d 463, 482, 485 N. E. 2d 9, 18 (1995).

8.    The statue of limitations for Reckless Conduct under 625 ILCS 5/12-5 is set forth in 720 ILCS 5/3-5(b) which provides in pertinent part:

> . . .Unless the statute describing the offense provides otherwise, or the period of limitation is extended by Section 3-6, a prosecution for any offense not designated in Subsection (a) must be commenced within 3 years after the commission of the offense if it is a felony, or within one year and 6 months after its commission if it is a misdemeanor

720 ILCS 5/3-5(b).

9.    The statute of limitations period did not expire, and the Plaintiff's malicious prosecution claim *did not accrue* until January 17, 2008 or July 17, 2009.

10. Accordingly, Plaintiff's Complaint, Count III, filed on March 26, 2008 alleging a state law claim for malicious prosecution was filed within the one year statue of limitations period pursuant to the Illinois Tort Immunity Act 745 ILCS 10/8-101 after the *date the claim accrued*.

11. *Foryoh v. Hannah-Porter,* 428 F. Supp. 2d 816, 824-825 (N.D. Ill. 2006) cited by the Defendants in support of their allegation that Plaintiff's malicious prosecution claim is time barred is inapplicable. In *Foryoh*, the *pro se* plaintiff's state law malicious prosecution claim, filed on May 18, 2005 was based on assault and traffic violations which were filed against the plaintiff on July 16, 2001 and *nolle prosequi* on May 20, 2003. *Foryoh,* 428 F. Supp. at 818.

12. In *Foryoh* the criminal charges were *nolle prosequi* and the court stated "[a] *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case." citing *Ferguson*, 820 N.E.2d at 460, *Foryoh,* 428 F. Supp. 2d at 824.

13. In *Foryoh ,* the court further stated "Under Illinois law, it is beyond dispute that an order of *nolle prosequi* terminates a criminal proceeding. *See, e.g., id.* ("Because the charges in *Swick* were nol-prossed, there was no dispute that the criminal proceeding had been terminated."); *id.* ("[A] *nolle prosequi* order terminates the charge. . . ."). Plaintiff filed his Complaint on May 18, 2005, nearly two years after the order *of nolle prosequi* terminated his criminal case and triggered the statute of limitations. . ." *Foryoh,* 428 F. Supp. 2d at 824.

14. Plaintiff's Complaint, Count III, par. 20 alleges that the Reckless Conduct charges was "sol'd" or dismissed with leave to reinstate. Plaintiff's Complaint *never alleged* that the Reckless Conduct charge was *nolle prosequi*. *Foryoh* clearly does not apply to the instant case where the criminal charges had been "sol'd".

WHEREFORE, for the aforementioned reasons, Plaintiff, CARLTON THURMOND, prays that this court enter an order denying Defendant Officers' Rule 12(b)(6) Motion to Dismiss Plaintiff's State Law Claim of Malicious Prosecution as Time Barred, and for whatever other relief that this court deems appropriate.

                                     Respectfully submitted,

                                     By: //s//Gigi Gilbert_____
                                     Attorney for Plaintiff

Gigi Gilbert, Esq.
Attorney for Plaintiff
53 W. Jackson, Suite # 356
Chicago, IL 60604
(312) 554-0000
ARDC #:  6199394
gigigilbert@monadnockbuilding.net