IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON THURMOND, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1747 |
| | ) | |
| v. | ) | |
| | ) | JUDGE BUCKLO |
| J. MILLS STAR # 12161, | ) | |
| D. BROWN STAR # 13369, | ) | Magistrate Judge Nolan |
| R. P. HAUSER and other UNIDENTIFIED | ) | |
| Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' REPLY IN
SUPPORT OF THEIR RULE 12(b)(6) MOTION
TO DISMISS PLAINTIFF'S STATE LAW CLAIM**

Defendants, Chicago Police Officers Joel Mills, Star # 12161 and Robert Hauser, Star # 16672, (referred to herein as "Defendant Officers"), by and through one of their attorneys, Julia S. Bruce, Assistant Corporation Counsel of the City of Chicago, reply in support of their Motion to Dismiss Plaintiff's Claim of Malicious Prosecution, state as follows:

1. Plaintiff has cited the case of *Ferguson v. City of Chicago,* 213 Ill.2d 94, 104, 820 N.E.2d 455, 461 (2004), for the proposition that "the claim for malicious prosecution *did not accrue* until the state was precluded from reinstating the charges of Reckless Conduct." See Plaintiff's Response at ¶ 6. Defendants agree.

2. However, *Ferguson* goes on to say that "that period was marked by the expiration of the statutory speedy-trial period," which is 160 days from the date the charges against Plaintiff were SOL'd. *Id.*

3. According to Plaintiff's Complaint, the misdemeanor charge of Reckless Conduct against Plaintiff was SOL'd on September 27, 2006. *See* Plaintiff's Complaint D.E. 1, ¶¶ 19, 20.

1

What Plaintiff left out of his complaint was that on that same date, defense counsel for Plaintiff made a demand for trial. *See* Certified Statement of Conviction, attached hereto as Exhibit A.

4. Plaintiff's reliance on *People v. Triplett,* 108 Ill.2d 463, 482, 485 N.E.2d 9, 18 (1995), therefore, is misplaced. While it is true that the prosecution of a misdemeanor offense must be commenced within one year and six months after its commission, that case did not address the issue of speedy-trial, nor does it address a claim of malicious prosecution and when that claim accrues.

5. As the court held in *Ferguson,* once a demand for trial has been made, the State has 160 days from the date the charges were SOL'd to bring him to trial. *Id.* Therefore, the State had until approximately March 5, 2007 to reinstate the charges against Plaintiff, and it was on that date that the cause of action for malicious prosecution accrued. *See Ferguson* at 461-462.

6. Again, Plaintiff had one year from the date that the cause of action accrued, and therefore had until approximately March 5, 2008 to file a complaint alleging a state law claim of malicious prosecution. Plaintiff did not file his complaint until March 26, 2008, which was approximately 21 days after the one year statute of limitations period had run.

7. Because Plaintiff did not bring his malicious prosecution claim against the individual defendant officers within the one-year statute of limitation set forth in Section 10/8-101 of the Illinois Tort Immunity Act, his malicious prosecution claim is time-barred.

**WHEREFORE**, Defendant Officers respectfully request this Honorable Court enter an Order dismissing the Plaintiff's state law malicious prosecution claim set forth in Count Three (III) of his Complaint with prejudice; and grant whatever additional relief the Court deems just and appropriate.

Dated: July 15, 2008

Respectfully submitted,

/s/ Julia. S. Bruce
Julia S. Bruce
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
(312) 744-6566 (Fax)
Atty. No. 06273493

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON THURMOND, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1747 |
| | ) | |
| v. | ) | |
| | ) | JUDGE BUCKLO |
| J. MILLS STAR # 12161, | ) | |
| D. BROWN STAR # 13369, | ) | Magistrate Judge Nolan |
| R. P. HAUSER and other UNIDENTIFIED | ) | |
| Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS         Page 001

PEOPLE OF THE STATE OF ILLINOIS

                  VS                    NUMBER 06126275801

    CARLTON      THURMOND

           CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

Charging the above named defendant with:

  720-5/12-5-A                          M      RECKLESS CONDUCT
The following disposition(s) was/were rendered before the Honorable Judge(s):


07/19/06 BOND SET BY RULE OF COURT                 08/21/06 5134
     PANARESE DONALD D JR.
08/21/06 APPEARANCE FILED
     RYAN JIM
08/21/06 MOTION FOR DISCOVERY                             S        2
     RYAN JIM
08/21/06 PUBLIC DEFENDER APPOINTED
     RYAN JIM
08/21/06 CONTINUANCE BY AGREEMENT                  09/27/06 5134
     RYAN JIM
09/27/06 APPEARANCE FILED
     SIMPSON DOUGLAS J
09/27/06 STRICKEN OFF - LEAVE REINSTATE     C001
     SIMPSON DOUGLAS J
09/27/06 DEF DEMAND FOR TRIAL
     SIMPSON DOUGLAS J




                              I hereby certify that the foregoing has
                              been entered of record on the above
                              captioned case.
                              Date 07/15/08
                              _____
                              DOROTHY BROWN
                              CLERK OF THE CIRCUIT COURT OF COOK COUNTY