IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARLTON THURMOND,                    )
                                     )
         Plaintiff,                  )
                                     )
     v.                              )    No. 08 C 1747
                                     )
J. MILLS STAR # 12161, D. BROWN STAR )
# 13369, R.P. HAUSER and other       )
unidentified Chicago Police          )
Officers,                            )
                                     )
         Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff Carlton Thurmond has filed a complaint against defendants police officers J. Mills, D. Brown, R.P. Hauser, and other unidentified Chicago police officers, alleging violations of 42 U.S.C. § 1983 and state law. Defendants have filed a motion to dismiss count III of the complaint, the malicious prosecution claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

I.

Plaintiff alleges he was arrested by defendants on July 17, 2006, without a warrant or probable cause. He further alleges the defendants commenced criminal proceedings against him. The complaint also provides that the charges against plaintiff were "SOL'd" or dismissed with leave to reinstate on September 27, 2006. Plaintiff filed his complaint on March 26, 2008.

II.

In assessing defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006). I must view the allegations in the light most favorable to plaintiff. *Id.* Under Rule 12(b)(6) "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

III.

Defendants move to dismiss count III on the ground that it is time-barred. Plaintiff's state law claim for malicious prosecution is subject to a one year statute of limitations under the Illinois Tort Immunity Act. 745 ILCS 10/8-101. A cause of action for malicious prosecution does not accrue until the criminal proceeding at issue is terminated in plaintiff's favor. *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). Under Illinois law, a SOL does not constitute "a termination" of the criminal case. *See, e.g., Ferguson v. City of Chicago*, 213 Ill.2d 94, 100-01, 820 N.E.2d 455, 459-60 (Ill. 2004). Instead, the malicious prosecution claim accrues when the state is "precluded from seeking reinstatement of the charges." *Id*. at 104, 820 N.E.2d at 461-62.

In this case, the complaint only alleges that the criminal proceedings were SOL'd on September 27, 2006. Defendants point out, however, that plaintiff made a written demand for a trial pursuant to 103-5(b) of the Illinois Code of Criminal Procedure, 725 ILCS 5/103-5(b) (2007). Under this provision, plaintiff was entitled to be tried within 160 days from the date of demand (*i.e.* a speedy trial). Therefore, the state was precluded from seeking reinstatement of the charges after 160 days from September 27, 2006 - approximately March 5, 2007.

I take judicial notice of plaintiff's speedy trial demand and find count III is time-barred. Although on a motion to dismiss documents outside the pleadings are generally not considered, I "'may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). Plaintiff's demand pursuant to 725 ILCS 5/103-5(b) is part of the public record and may be properly considered for purposes of deciding this motion. This demand establishes plaintiff's claim is untimely because it was filed more than one year after March 5, 2007. *See, e.g., Ferguson*, 213 Ill.2d at 104, 820 N.E.2d at 461-62. Accordingly, count III is dismissed.

3

IV.

For the foregoing reasons, defendants' motion to dismiss is granted.  Count III is dismissed.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:  August 8, 2008

4